UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


OLIVER WORKMAN,

        Petitioner,

vs.                              Case No. 3:10-cv-1095-J-12JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,[1]
et al.,

        Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court upon a Petition for Writ of Habeas Corpus (Petition) (Doc. #1), filed on December 1, 2010, pursuant to 28 U.S.C. § 2254. Ms. Mary C. Harris, a "blood relative of Kathy Workman, the wife of Oliver Workman, the Petitioner" filed the Petition for Oliver Workman, signed Workman's name for him, and paid the $5.00 filing fee. See Petition at 6. In signing Workman's name for him, Ms. Harris states that Workman is incarcerated at River Junction Work Camp "which makes it difficult for him to sign this Petition . . . ." Id. While a petitioner may obtain assistance in the preparation of any petition

---

[1] The Secretary of the Florida Department of Corrections is the proper Respondent having custody of Petitioner.

or complaint submitted for this Court's consideration, the petitioner must ultimately review and sign the petition.

Therefore, this case will be dismissed without prejudice to Oliver Workman's right to initiate a new habeas corpus case in this Court by fully completing, signing, and filing the enclosed habeas corpus petition form. In completing the form, he shall follow the instructions contained on the form and sign the Petition. The Rules Governing Section 2254 cases, which have been adopted in this district, require that the petition be in substantially the form annexed to the rules. Use of a prescribed form was adopted for reasons of administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if the petition is submitted on the form and all questions are answered. This saving is lost, of course, if a petitioner fails to utilize the habeas corpus petition form. In light of the administrative benefits to the Court derived from the use of the form, Workman should therefore be required to complete the form and adequately set forth the claims he wishes to raise in this Court.

Further, the Petition, submitted by Ms. Harris, reflects that Workman was sentenced on August 18, 2010. Thus, it appears that Workman has not had sufficient time to exhaust state remedies available to him in state court.[2] See 28 U.S.C. § 2254(b)(1)(A).

---

[2] The Petition reflects that Workman has filed or may file a petition for writ of mandamus in state court. See Petition at 4.

- 2 -

This Court must give the state courts the opportunity to rule on Workman's claims <u>before</u> he seeks relief in the federal courts.

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice** to Workman's right to refile after he has fully completed and signed the enclosed habeas corpus form and has exhausted state remedies available to him in state court.

2. The Clerk of Court shall enter judgment accordingly and close this case.

3. The Clerk of Court shall send Oliver Workman two (2) habeas corpus petition forms for his use in initiating a new habeas corpus case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8TH day of December, 2010.

_Howell W. Melton_
UNITED STATES DISTRICT JUDGE

sc 12/6
c:
Oliver Workman, River Junction Work Camp

- 3 -